OPINION
This appeal stems from a final judgment of the Trumbull Court of Common Pleas. Appellant, Juan Wade, seeks the reversal of the trial court's determination that he is a sexual predator who must comply with the various requirements of R.C. Chapter 2950.
In June 1986, appellant was indicted on seven counts of rape and one count of child endangerment. These charges were based upon allegations that appellant had engaged in sexual conduct with three children who were each below the age of thirteen.
Before the matter could come to trial, appellant decided to enter a plea of guilty to three counts of rape. Upon accepting appellant's plea, the trial court sentenced him to three concurrent terms of seven to twenty-five years in a state penitentiary.
Approximately twelve years after appellant had begun to serve his prison term, the trial court issued a judgment entry ordering that appellant be transported from the state penitentiary to Trumbull County so that a "sexual offender" proceeding could be held. Before this matter could go forward, appellant moved the trial court to "dismiss" this proceeding on the basis that the sexual offender laws were unconstitutional. After the state had submitted a response, the trial court rendered a written decision overruling the motion to dismiss.
The sexual offender hearing was held on May 7, 1999. During this proceeding, neither party presented any live testimony. Instead, each party only submitted a written report of a licensed psychological evaluator who had examined appellant. The parties also stipulated that each of the three rape victims had been seven years old or younger when the offenses had occurred.
Upon considering the stipulation and the reports, the trial court issued a judgment entry in which it concluded that appellant should be classified as a sexual predator for purposes of R.C. Chapter 2950. In reaching this conclusion, the trial court specifically found that appellant had been convicted of a sexually oriented offense and was likely to commit such an offense again in the future. In regard to the latter finding, the court emphasized the following factors: (1) the age of the victims; (2) the fact that the rapes had involved three different victims; and (3) the fact that the rapes had involved oral, anal, and vaginal penetration.
In now appealing from the "sexual predator" judgment, appellant has assigned eight assignments of error for our consideration. Under his first seven assignments, appellant has raised seven different challenges to the constitutionality of the sexual offender laws. That is, appellant contends that R.C. Chapter 2950 is invalid because: (1) it violates a sexual offender's natural law rights under Section 1, Article I of the Ohio Constitution; (2) it violates the right to equal protection because the statutory scheme is inapplicable to offenders who completed their prison terms prior to the effective dates of the laws; (3) it is impermissibly vague in relation to the "burden of proof" issue; (4) it constitutes a bill of attainder because it inflicts a punishment without the benefit of a judicial trial; (5) it violates the constitutional prohibition against double jeopardy; (6) it violates the constitutional prohibition against ex post facto laws; and (7) it violates the right to equal protection because the procedure for determining an offender's status is not consistent with the procedure generally followed in other criminal proceedings.
In regard to appellant's first six arguments, this court would indicate that each of these constitutional challenges to the sexual offender laws was rejected by the Supreme Court of Ohio in State v. Williams (2000),88 Ohio St.3d 513 and State v. Cook (1998), 83 Ohio St.3d 404. Furthermore, as to appellant's seventh constitutional argument, we would note that we rejected this specific argument in State v. Petersime (July 28, 2000), Trumbull App. No. 99-T-0159, unreported. Accordingly, as the sexual offender laws have been declared constitutional in all respects, each of the first seven assignments in this appeal lacks merit.
Under his eighth assignment of error, appellant submits that the trial court's "sexual predator" determination was against the manifest weight of the evidence. Specifically, appellant argues that the trial court erred in finding that he is likely to commit another sexually oriented offense in the future. In support of this argument, he asserts that the report of the state's psychological professional was not sufficient to show the likelihood of recidivism because the report only stated that appellant was still sexually interested in pre-school and grade-school children.
R.C. 2950.01(E) defines a "sexual predator" as a person who has been convicted of a sexually oriented offense and is likely to engage in that type of behavior again in the future. In applying this definition, a trial court can classify an individual as a sexual predator only if it concludes that the state has established both prongs of the definition by clear and convincing evidence. See R.C. 2950.09(B)(3). Pursuant to this particular evidential standard, the burden of proof can be deemed to have been carried only when the evidence "`will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" State v. Higgins (May 22, 2000), Clermont App. No. CA99-07-068, unreported, at 4, 2000 Ohio App. LEXIS 2165, quoting Crossv. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
To assist a trial court in making its determination on the sexual predator issue, R.C. 2950.09(B)(2) sets forth a list of nonexclusive factors which pertain to the recidivism prong of the sexual predator definition. These factors include: (1) the offender's age; (2) the offender's prior criminal record; (3) the victim's age; (4) whether the underlying sexually oriented offense involved multiple victims; (5) whether the offender employed alcohol to subdue the victim; (6) whether the offender has previously participated in a rehabilitative program for sexual offenders; (7) the specific nature of the sexual conduct involved in the underlying sexual oriented offense; and (8) whether the offender acted cruelly in committing the underlying sexually oriented offense.
The trial court's consideration of these eight factors is mandatory.State v. Qualls (Mar. 4, 1999), Cuyahoga App. No. 72793, unreported, 1999 Ohio App. LEXIS 829. Furthermore, although the trial court is not required to refer to each factor in making its determination, it is required to provide a general discussion of the factors so that the substance of the determination can be properly reviewed on appeal. Statev. Burke (Sept. 21, 2000), Franklin App. No. 00AP-54, unreported, 2000 Ohio App. Lexis 4256. This discussion can be set forth on the record during the sexual offender hearing or in the final judgment entry. Id.
In applying the foregoing factors, the appellate courts of this state have held that a finding of likely recidivism can be made even though a majority of the factors are not relevant in a given case. State v.Fugate (Feb. 2, 1998), Butler App. No. CA97-03-065, unreported, 1998 Ohio App. LEXIS 286; Higgins. Furthermore, it has been held that a trial court can give greater weight to one factor over another if it is warranted under the specific facts of the case. State v. Bradley (June 19, 1998), Montgomery App. Nos. 16662 and 16664, unreported, 1998 Ohio App. LEXIS 2744.
In the instant case, our review of the hearing transcript shows that the state relied primarily upon the report of its psychological professional, Gerald L. Heinbaugh. As appellant correctly notes, in recommending that a finding of likely recidivism be made, Heinbaugh stated in his report that appellant had exhibited tendencies indicating that he was sexually interested in adult females, adolescent females, "grade school" females, and pre-school females. Heinbaugh further stated that normal heterosexual adult males usually are sexually interested only in adult females and adolescent females.
Focusing solely upon this point, appellant submits that the mere fact that he might still be interested in young girls does not necessarily establish that he will try to engage in sexual conduct or contact with them in the future. Without addressing the merits of this unique argument, this court would indicate that our review of the Heinbaugh report readily shows that his recommendation was not based solely on this one point. Instead, the report cited to a number of other factors which, according to Heinbaugh, supported the conclusion that appellant was likely to commit another sexually oriented offense. These factors included: (1) the highly intrusive nature of appellant's sexual conduct during the three rapes; (2) appellant's refusal to take any responsibility for his deviant behavior; and (3) the fact that appellant's participation in a sexual offender program had had no apparent effect upon his attitude regarding the rapes and his deviant behavior.
Furthermore, we would note that, in addition to citing to the Heinbaugh report, the trial court in this case also predicated its determination on the underlying facts of the three rapes. Specifically, the trial court referred to the fact that there had been multiple victims, the fact that each victim had been no older then seven, and the fact that there had been vaginal, anal, and oral penetration. Thus, contrary to appellant's assertion in this assignment, the record before this court demonstrates that the finding on the issue of recidivism was not based solely upon appellant's continued sexual interest in young females.
As a separate argument under this assignment, appellant also contends that because the evidence before the trial court on the recidivism issue was conflicting it cannot be said that the existence of this fact was demonstrated by clear and convincing evidence. In support of this argument, appellant emphasizes that, in a separate report submitted to the trial court, his psychological professional recommended that appellant be found not to be a sexual predator.
In relation to this point, we would note that, even though appellant's psychological professional could have been considered an expert witness, the trial court was still free to reject his recommendation if the court found that his opinion lacked any credibility. See State v. Barrett (May 5, 2000), Hancock App. No. 5-99-60, unreported, 2000 Ohio App. LEXIS 1980. Our review of the report of appellant's psychological professional demonstrates that it was not as detailed as the Heinbaugh report and never addressed the issue of appellant's continued sexual interest in young girls. In addition, we would note that, despite his recommendation on the ultimate question, appellant's professional still expressly stated that it would be preferable for appellant not to be placed unsupervised in the close proximity of children. In light of the foregoing, this court concludes that the trial court did not err in finding that the Heinbaugh report should be accorded more credibility than the report of appellant's expert.
Moreover, we further conclude that the Heinbaugh report, in conjunction with the underlying facts of the three rapes, constitutes sufficient evidence to establish clear and convincingly that appellant is likely to commit another sexually oriented offense in the future. Again, not only did the underlying offenses in this case involve the rape of three different children, but each child was seven years old or younger. When these facts are combined with the various factors cited in the Heinbaugh report, it becomes abundantly evident that there was some evidence before the trial court from which it could derive a firm belief that there was a strong likelihood that appellant might commit another sexually oriented offense in the future.
As an aside, this court would note that, as part of its discussion of the victims' age, the trial court quoted a statement of the Tenth Appellate District in the case of State v. Daniels (Feb. 24, 1998), Franklin App. No. 97APA06-830, unreported, 1998 Ohio App. LEXIS 801. The substance of this statement concerned the purported correlation between the molestation of young children and the likelihood of the commission of more sexual offenses:
 "The age of the Victims `serves as a telling indicator of the depths [of] the offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable."
In making the foregoing statement, the Daniels court was clearly trying to indicate that, in its estimation, it is an empirical fact that individuals who molest children have a much greater tendency to commit additional sexual offenses. In turn, by referring to the Daniels
statement to buttress its determination in the instant case, the trial court was relying upon a "fact" which had not been established through the evidence presented in that specific case. In this respect, the "fact" cited in the Daniels opinion was hearsay which normally could not be considered under Evid.R. 802.
In relation to Daniels, we would note that the Daniels opinion did not cite to any underlying facts which would support its statement concerning the purported correlation. Although the Daniels opinion did contain a reference to Kansas v. Hendricks (1997), 521 U.S. 346, our review of the latter decision shows that it does not cite to any empirical data which would support the correlation that individuals who molest children have a greater tendency to commit new sexual offenses. Thus, there does not appear to be any true evidence supporting the Daniels court's quoted statement.
However, in Cook, supra, at 425, the Supreme Court of Ohio held that the Ohio Rules of Evidence are not strictly applicable to sexual predator proceedings and that a trial court can consider hearsay evidence if it is reliable. Accordingly, we conclude that the trial court did not err in relying upon the Daniels statement because, having been previously cited by two other courts, the trial court could reasonably determine that this was reliable hearsay.
Nevertheless, this court would emphasize that trial courts should exercise caution in relying upon hearsay to support the determination that an offender is a sexual predator. Very serious consequences result from that determination. Thus, in weighing the relevant factors, a trial court should always seek the truth and carefully screen hearsay evidence to decide whether it is reliable.
In summation, we conclude that the Heinbaugh report and the underlying facts of the rapes readily supported the trial court's decision in this matter. Stated differently, there was some competent, credible evidence supporting a firm belief that appellant had committed a sexually oriented offense and was likely to commit another such offense in the future. Therefore, because the trial court's decision to classify appellant as a sexual predator was based upon clear and convincing evidence, the eighth assignment in this appeal lacks merit.
The judgment of the trial court is affirmed.
 _____________________ NADER, J.
CHRISTLEY, P.J., O'NEILL, J., concur.